**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION**

Case No. 13-61088-CIV-DIMITROULEAS

CHRISTOPHER TAYLOR, individually and on behalf of all others similarly situated,

        Plaintiffs,

v.

ACQUINITY INTERACTIVE, LLC, a Delaware limited liability company, and MODERNAD MEDIA, LLC, a Florida limited liability company,

        Defendants.

## ACQUINITY INTERATIVE, LLC'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Acquinity Interactive, LLC answers plaintiff's complaint as follows, and denies all allegations unless expressly admitted below:

\*\*. Acquinity denies all allegations of wrongdoing alleged against Acquinity in plaintiff's unnumbered paragraph appearing immediately below the title "**CLASS ACTION COMPLAINT AND JURY DEMAND**" of ECF No. 1, and denies all allegations that Acquinity injured the plaintiff in any way. Acquinity lacks knowledge or information sufficient to form a belief as to truth of the remaining allegations and therefore denies them.

### NATURE OF THE ACTION

1. Defendants act cooperatively to make unsolicited spam text message calls for the purpose of "co-registration" lead generation. To that end, Defendants make, or have made on their behalf, text message calls informing the recipient that they were chosen to receive "a free Starbucks drink" as part of "Starbucks customer appreciation." These inducements are, of course, false, and only meant to push consumers to Defendants' information collection website.

**ANSWER**:  Acquinity denies the allegations that pertain to Acquinity.  Acquinity lacks knowledge or information sufficient to form a belief as to truth of the remaining allegations and therefore denies them.

2.     Defendants repeatedly made (or directed to be made on their behalf) unsolicited text message calls to Plaintiff's and putative Class member's cellular telephones in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

**ANSWER**:  Acquinity denies the allegations that pertain to Acquinity.  Acquinity lacks knowledge or information sufficient to form a belief as to truth of the remaining allegations and therefore denies them.

3.     Neither Plaintiff Taylor, nor the other members of the proposed Class, ever provided their cellular telephone numbers to Defendants for any purpose, let alone consented to have Defendants make text message calls to their phones.

**ANSWER**:  Acquinity denies the allegations that pertain to Acquinity except that Acquinity admits only that it has no record of the phone number that plaintiff's counsel represented belongs to plaintiff.  Thus, it does not appear that plaintiff provided his phone number to Acquinity.  Acquinity lacks knowledge or information sufficient to form a belief as to truth of the remaining allegations and therefore denies them.

4.     By making the text message calls at issue in this Complaint, Defendants caused Plaintiff and the members of the Class actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited text message calls, and the monies paid to their wireless carriers for the receipt of such text message calls.

**ANSWER**:  Acquinity denies the allegations that pertain to Acquinity.  Acquinity lacks knowledge or information sufficient to form a belief as to truth of the remaining allegations and therefore denies them.

5.     In response to Defendants' unlawful conduct, Plaintiff filed the instant lawsuit and seeks an injunction requiring Defendants to cease all unsolicited text message calling activities and an award of statutory damages to the members of the Class under the TCPA, together with costs and reasonable attorneys' fees.

**ANSWER**: Acquinity denies the allegations that pertain to Acquinity except that Acquinity admits only that plaintiff filed this instant lawsuit that seeks the relief specified in plaintiff's complaint at ECF No. 1. Acquinity denies all allegations of wrongdoing, and denies that plaintiff is entitled to any of the relief requested in his complaint. Acquinity lacks knowledge or information sufficient to form a belief as to truth of the remaining allegations and therefore denies them.

## PARTIES

6. Plaintiff Christopher Taylor is a natural person and citizen of the State of Indiana.

**ANSWER**: Acquinity lacks knowledge or information sufficient to form a belief as to truth of the allegations and therefore denies them.

7. Defendant Acquinity Interactive LLC is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at 2200 SW 10th St, Deerfield Beach, Florida, 33442. Defendant ModernAd Media is the direct predecessor of Defendant Acquinity Interactive. Defendant Acquinity Interactive was created in 2011 through an asset sale from ModernAd Media to a consortium of ModernAd Media executives. Both Acquinity and ModernAd continue to function jointly, sharing office space, executives, employees, resources, records, databases, and intermingling funds. Acquinity Interactive does business throughout the United States, the State of Florida and in this District.

**ANSWER**: Acquinity denies the allegations that pertain to Acquinity except that Acquinity admits only that it is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at 2200 SW 10th St, Deerfield Beach, Florida, 33442, and that Acquinity does business throughout the State of Florida and in this District. Acquinity lacks knowledge or information sufficient to form a belief as to truth of the remaining allegations and therefore denies them.

8. ModernAd Media LLC is a limited liability company organized and existing under the laws of the State of Florida with its principal place of business located at 101 N Federal Highway, Boca Raton Florida 33432. Defendant ModernAd Media is the direct predecessor of Defendant Acquinity Interactive. Defendant Acquinity Interactive was created in 2011 through an asset sale from ModernAd Media to a consortium of ModernAd Media executives. Both Acquinity and ModernAd continue to function jointly, sharing office space,

executives, employees, resources, records, databases, and intermingling funds. ModernAd Media does business throughout the United States, the State of Florida and in this District.

**ANSWER**: Acquinity denies the allegations that pertain to Acquinity. Acquinity lacks knowledge or information sufficient to form a belief as to truth of the remaining allegations and therefore denies them.

## JURISDICTION AND VENUE

9. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., which is a federal statute.

**ANSWER**: Admit.

10. The Court has personal jurisdiction over Defendants and venue is proper in this District because Defendants transact significant amounts of business within this District and the conduct and events giving rise to Plaintiff's claims arose in substantial part in this District. Venue is additionally proper because both Defendants are headquartered here.

**ANSWER**: Acquinity denies the allegations that pertain to Acquinity except that Acquinity does not currently contest personal jurisdiction or venue (but denies that the conduct and events giving rise to plaintiff's claims arose in substantial part in this district). Acquinity lacks knowledge or information sufficient to form a belief as to truth of the remaining allegations and therefore denies them.

## COMMON FACTUAL ALLEGATIONS

11. In recent years, marketers who have often felt stymied by federal laws limiting solicitation by telephone, fax machine, and e-mail have increasingly looked to alternative technologies through which to transmit bulk solicitations cheaply.

**ANSWER**: Acquinity lacks knowledge or information sufficient to form a belief as to truth of the allegations and therefore denies them.

12. One of the most prevalent alternatives is bulk advertising through so-called Short Message Services. "Short Message Services" or "SMS" is a messaging system that allows for the transmission and receipt of short text message calls (usually no more than 160 characters) to and from cellular telephones.

**ANSWER**: Acquinity lacks knowledge or information sufficient to form a belief as to truth of the allegations and therefore denies them except that Acquinity admits only that "Short Message Services" or "SMS" is a messaging system that allows for the transmission and receipt of short text message calls to and from cellular telephones.

13. SMS message calls are directed to a wireless device using the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received. As cellular telephones are inherently mobile and are frequently carried on their owner's person, SMS messages may be received by the called party virtually anywhere in the world.

**ANSWER**: Acquinity lacks knowledge or information sufficient to form a belief as to truth of the allegations and therefore denies them except that Acquinity admits only that "SMS message calls are directed to a wireless device using the telephone number assigned to the device."

14. According to a recent study conducted by the Pew Research Center, "Spam isn't just for email anymore; it comes in the form of unwanted text messages of all kinds—from coupons to phishing schemes—made directly to user's cell phones." In fact, "57% of adults with cell phones have received unwanted or spam text messages on their phone." Amanda Lenhart, Cell Phones and American Adults: They Make Just as Many Calls, but Text Less than Teens, Pew Research Center (2010), http://www.pewinternet.org/Reports/2010/Cell-Phones-and-American-Adults.aspx (last visited June 17, 2012).

**ANSWER**: Acquinity lacks knowledge or information sufficient to form a belief as to truth of the allegations and therefore denies them.

15. Unlike more conventional advertisements, SMS message advertisements can actually cost their recipients money because cell phone users must pay their wireless service providers either for each text message call they receive or incur a usage allocation deduction to their text messaging plan, regardless of whether the message is authorized.

**ANSWER**: Acquinity lacks knowledge or information sufficient to form a belief as to truth of the allegations and therefore denies them.

16. Defendants made (and/or had made on their behalf), and presently continue to make, text message calls to Plaintiff's and the Class members' cell phones without consent.[1] While Defendants attempt to shield their identity and role in sending spam text messages, Defendant Acquinity's website states that it utilizes SMS marketing:

> At AI, online marketing is all about conversion, every step of the way.  Our broad knowledge base lets us take a multi-channel marketing approach across a range of industries to give you the right media mix for your product or service....AI's Multi-Channel Mix: Ecommerce, Email Marketing, Telemarketing, Display Advertising, Affiliate Marketing, *SMS (text messaging)*, Mobile Web, Social Media...[2]. (emphasis added)

**ANSWER**:  Acquinity denies the allegations that pertain to Acquinity except that Acquinity admits only that Aquinity's website, as of July 12, 2013, states in part "At AI, online marketing is all about conversion, every step of the way," "Our broad knowledge base lets us take a multi-channel marketing approach across a range of industries to give you the right media mix for your product or service," "AI's Multi-Channel Mix," "Ecommerce," "Email Marketing," "Telemarketing," "Display Advertising," "Affiliate Marketing," "Mobile Web," and "Social Media." Acquinity lacks knowledge or information sufficient to form a belief as to truth of the allegations and therefore denies them.

17. Defendants obtained Plaintiff's and the Class members' cell phone numbers by purchasing lists of phone numbers from a third party and/or simply dialing numbers at random.

**ANSWER**:  Acquinity denies the allegations that pertain to Acquinity.  Acquinity lacks knowledge or information sufficient to form a belief as to truth of the remaining allegations and therefore denies them.

---

[1] ModernAd Media is no stranger to accusations of illegal spamming activities. Prior to its "asset sale" and conversion into Acquinity Interactive, ModernAd settled with the Florida Attorney General's office for $2.9 million stemming from allegations that ModernAd violated the Federal CAN-SPAM Act. *See* myfloridalegal.com/newsrel.nsf/newsreleases/348FA8D553BBBD0F85257719004F157E.

[2] *See* http://www.acquinity.com/whatwedo.html

18. On or around August 8, 2012, Defendants made, or had made on their behalf, the following text message call to Plaintiff's cell phone:

> Starbucks customer appreciation! Go to http://starbucksfor.me and enter your Code: "0812" for a free Starbucks drink!

**ANSWER**: Acquinity denies the allegations that pertain to Acquinity. Acquinity lacks knowledge or information sufficient to form a belief as to truth of the remaining allegations and therefore denies them.

19. Defendants made, or had made on their behalf, the above text message call to Plaintiff from the phone number (316) 573-2156.

**ANSWER**: Acquinity denies the allegations that pertain to Acquinity. Acquinity lacks knowledge or information sufficient to form a belief as to truth of the remaining allegations and therefore denies them.

20. Clicking on starbucksfor.me links consumers directly to diningandcuisine.com. This website is owned and/or operated by Defendants, or operated by Defendants' direct subsidiaries including "Invest Your Media." Invest Your Media is held out as a corporate entity located in England, but, on information and belief, is nothing more than a name utilized by Defendants to shield their actual role in sending and profiting from spam text messages. On information and belief, starbucksfor.me is directly operated by or on behalf of Defendants.

**ANSWER**: Acquinity denies the allegations that pertain to Acquinity. Acquinity lacks knowledge or information sufficient to form a belief as to truth of the remaining allegations and therefore denies them.

21. Consumers also received a similar "Starbucks" message from multiple telephone numbers, including: (480) 319-3286, (512) 221-6526, (918) 688-4976, (480) 213-7340, (213) 448-6906, and (213) 479-3171.

**ANSWER**: Acquinity lacks knowledge or information sufficient to form a belief as to truth of the allegations and therefore denies them.

22. Other related subsidiaries or divisions of Defendants that take part in the making of the text message calls at issue in this Complaint, or are responsible for the operation of the websites consumers are directed to, include "Faraji E-Consulting" and "Revenue Path E-Consulting Private Limited."

**ANSWER**:  Acquinity denies the allegations that pertain to Acquinity.  Acquinity lacks knowledge or information sufficient to form a belief as to truth of the remaining allegations and therefore denies them.

23.     Defendants made, or had made on their behalf, the text message calls to Plaintiff using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers.

**ANSWER**:  Acquinity denies the allegations that pertain to Acquinity.  Acquinity lacks knowledge or information sufficient to form a belief as to truth of the remaining allegations and therefore denies them.

24.     Plaintiff did not submit his phone number to Defendants or any entity that indicated that he would receive text messages from Defendants, let alone text message calls promoting free drinks or Starbucks products.

**ANSWER**:  Acquinity denies the allegations that pertain to Acquinity except that Acquinity admits only that it has no record of the phone number that plaintiff's counsel represented belongs to plaintiff.  Thus, it does not appear that plaintiff submitted his phone number to Acquinity.  Acquinity lacks knowledge or information sufficient to form a belief as to truth of the remaining allegations and therefore denies them.

25.     Plaintiff never consented to, requested, or otherwise desired or permitted Defendants to make text message calls to his cellular phone, nor did Plaintiff provide Defendants with his cellular telephone number.

**ANSWER**:  Acquinity denies the allegations that pertain to Acquinity except that Acquinity admits only that it has no record of the phone number that plaintiff's counsel represented belongs to plaintiff.  Thus, it does not appear that plaintiff provided his phone number to Acquinity.  Acquinity lacks knowledge or information sufficient to form a belief as to truth of the remaining allegations and therefore denies them.

26.     Defendants made, or had made on their behalf, the same (or substantially the same) text message call *en masse* to a list of cellular telephone numbers or randomly generated phone numbers.

**ANSWER**: Acquinity denies the allegations that pertain to Acquinity. Acquinity lacks knowledge or information sufficient to form a belief as to truth of the remaining allegations and therefore denies them.

27. Defendants, or third parties acting directly on their behalf, utilize third party domain registration companies to mask from public view the true owner and operator of the websites featured in their text message calls as well as the websites those text messages lead a consumer to, all in order to avoid detection and liability for their conduct.

**ANSWER**: Acquinity denies the allegations that pertain to Acquinity. Acquinity lacks knowledge or information sufficient to form a belief as to truth of the remaining allegations and therefore denies them.

28. Defendants each were aware that the above-described text message calls were being made either by them directly, or made on their behalf, and that the text message calls were being transmitted to consumers who had not consented to receive them.

**ANSWER**: Acquinity denies the allegations that pertain to Acquinity. Acquinity lacks knowledge or information sufficient to form a belief as to truth of the remaining allegations and therefore denies them.

## CLASS ALLEGATIONS

29. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of himself and a class (the "Class") defined as follows:

> All individuals in the United States who received the following text message on their cellular telephone:
> Starbucks customer appreciation! Go to http://starbucksfor.me and enter your Code: "0812" for a free Starbucks drink!

The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; and (4) the legal representatives, successors, or assigns of any such excluded persons.

**ANSWER**: Deny, except that Acquinity admits only that plaintiff purports to bring a class action. Acquinity denies that any putative class is certifiable, that plaintiffs can fulfill any

9

of the requirements set forth in FRCP 23, and that plaintiffs or any member of any putative class is entitled to relief in this case.

30. **Numerosity**: The exact number of Class members is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable.  On information and belief, Defendants have made text message calls to thousands of consumers who fall into the definition of the Class. Class members can be identified through Defendants' records.

**ANSWER**:  Deny, except that Acquinity lacks knowledge or information sufficient to form a belief as to truth of the allegation that the "exact number of Class members is unknown and not available to Plaintiff at this time" and therefore denies that allegation.

31. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendants' uniform wrongful conduct and unsolicited text message calls.

**ANSWER**:  Acquinity denies the allegations that pertain to Acquinity.  Acquinity lacks knowledge or information sufficient to form a belief as to truth of the remaining allegations and therefore denies them.

32. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions.  Plaintiff has no interest antagonistic to those of the Class, and Defendants have no defenses unique to Plaintiff.

**ANSWER**:  Acquinity denies the allegations that pertain to Acquinity, except that Acquinity lacks knowledge or information sufficient to form a belief as to truth of the allegation that plaintiff "retained counsel competent and experienced in complex class actions" and therefore denies such allegation.

33. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    (a)    whether Defendants' conduct constitutes a violation of the TCPA;
    (b)    whether the equipment Defendants used to make the text message calls in question was an automatic telephone dialing system as contemplated by the TCPA;
    (c)    whether Defendants systematically made text message calls to

      persons who did not previously provide Defendants with their prior express consent to receive such text message calls;

(d) whether Class members are entitled to treble damages based on the willfulness of Defendants' conduct.

  **ANSWER**: Acquinity denies the allegations that pertain to Acquinity. Acquinity lacks knowledge or information sufficient to form a belief as to truth of the remaining allegations and therefore denies them.

  34. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

  **ANSWER**: Acquinity denies the allegations that pertain to Acquinity. Acquinity lacks knowledge or information sufficient to form a belief as to truth of the remaining allegations and therefore denies them.

**COUNT I**
**Violation of the TCPA, 47 U.S.C. § 227**
**(On behalf of Plaintiff and the Class)**

  35. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

  **ANSWER**: Acquinity incorporates herein by reference its responses to paragraphs 1 through 34 of plaintiff's complaint.

  36. Defendants and their agents made unsolicited text message calls to cellular telephone numbers belonging to Plaintiff and the other members of the Class *en masse* without their prior express consent.

**ANSWER**:  Acquinity denies the allegations that pertain to Acquinity.  Acquinity lacks knowledge or information sufficient to form a belief as to truth of the remaining allegations and therefore denies them.

37. Defendants made the text message calls, or had them made on their behalf, using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

**ANSWER**:  Acquinity denies the allegations that pertain to Acquinity.  Acquinity lacks knowledge or information sufficient to form a belief as to truth of the remaining allegations and therefore denies them.

38. Defendants and their agents utilized equipment that made, or had made on their behalf, the text message calls to Plaintiff and other members of the Class simultaneously and without human intervention.

**ANSWER**:  Acquinity denies the allegations that pertain to Acquinity.  Acquinity lacks knowledge or information sufficient to form a belief as to truth of the remaining allegations and therefore denies them.

39. By making, or having made on their behalf, the unsolicited text message calls to Plaintiff and the Class, Defendants have violated 47 U.S.C. § 227(b)(1)(A)(iii).

**ANSWER**:  Acquinity denies the allegations that pertain to Acquinity.  Acquinity lacks knowledge or information sufficient to form a belief as to truth of the remaining allegations and therefore denies them.

40. As a result of Defendants' unlawful conduct, Plaintiff and the members of the Class suffered actual damages in the form of monies paid to receive the unsolicited text message calls on their cellular phones and under section 227(b)(3)(B) are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

**ANSWER**:  Acquinity denies the allegations that pertain to Acquinity.  Acquinity lacks knowledge or information sufficient to form a belief as to truth of the remaining allegations and therefore denies them.

41. Should the Court determine that Defendants' conduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

**ANSWER**: Acquinity denies the allegations that pertain to Acquinity. Acquinity lacks knowledge or information sufficient to form a belief as to truth of the remaining allegations and therefore denies them.

\*\*. In response to plaintiff's unnumbered paragraph stating "**PRAYER FOR RELIEF,**" Acquinity denies that plaintiff is entitled to any of the enumerated relief from Acquinity, including but not limited to the relief requested in this unnumbered paragraph.

## AFFIRMATIVE DEFENSES

Acquinity asserts the following defenses, each as separate and distinct defenses to plaintiff's alleged causes of action. Insofar as any of the following expresses denial of an element of any claim alleged against Acquinity, such expression does not indicate that plaintiff is relieved of his burden to prove each and every element of any such claim or that Acquinity has assumed any burden of proof.

1. Plaintiff and/or putative class members consented to receive the text message over which plaintiff complains, and/or have a prior existing business relationship with Acquinity.

2. Some or all of the claims alleged by plaintiff or on behalf of the putative class members are barred because their alleged damages, if any, were caused solely by their own respective acts, wrongs, or omissions, by intervening causes, or by other persons or entities over whom Acquinity had no control and for which Acquinity is not responsible.

3. To the extent the alleged injuries and/or causes of action arose prior to the applicable prescriptive or statutory period(s), plaintiff's claims and those of the putative class are barred, in whole or in part, by applicable statutes of limitations and/or statutes or rules of repose.

4. The alleged damages suffered by plaintiff and/or putative class members, if any, are due to the contributory fault of the plaintiff and to the comparative or contributory fault of others. Therefore, any recovery should be reduced or barred in proportion to the degree or percentage of fault attributable to plaintiff and/or others.

5. Plaintiff's claims and/or those of the putative class members are barred to the extent plaintiff and/or the putative class members waived any of their claims.

6. Acquinity hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during pre-trial proceedings in this case, and hereby reserves the right to amend this Answer and offer or assert additional defenses that cannot now be articulated because, among other reasons, Acquinity has not completed discovery.

Dated: July 15, 2013                                     Respectfully submitted,

/s Onier Llopiz
J. Douglas Baldridge
(Florida Bar No. 0708070)
VENABLE LLP
575 7th Street, N.W.
Washington, D.C.  20004
Telephone:  (202) 344-4000
Facsimile:  (202) 344-8300
jdbaldridge@venable.com

and

Onier Llopiz (Fla. Bar No. 579475)
Eric L. McAliley (Fla. Bar. No. 174343)
LYDECKER DIAZ, LLC
1221 Brickell Avenue, 19th Floor
Miami, Florida  33131
(305) 416-3180 (phone)
(305) 416-3190 (fax)
elm@lydeckerdiaz.com
ol@lydeckerdiaz.com

*Attorneys for Defendant*
*ModernAd Media, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 15th day of July, 2013, the foregoing document was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system on the following:

Benjamin S. Thomassen
Edelson McGuire, LLC
350 N. LaSalle, Suite 1300
Chicago, IL 60654
bthomassen@edelson.com

Stefan Louis Coleman
Law Offices of Stefan Coleman, PLLC
201 S Biscayne Blvd, 28th Floor
Miami, FL 33131
law@stefancoleman.com

/s Onier Llopiz
Onier Llopiz (Fla. Bar No. 579475)